UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Amira A. Silic, | ) | |
| | ) | No. 12 C 6557 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| | ) | |
| BBS Trucking, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Amira Silic alleges that Defendant BBS Trucking, Inc., her former employer, created a hostile work environment on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Count I), and her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Count II). (R. 9.) Defendant has moved to dismiss both counts pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 11.) For the following reasons, the Court denies the motion and orders limited discovery on the question of whether defendant has the requisite number of employees to apply Title VII and the ADEA to Silic's claims.

**Background**

The following facts, drawn from Silic's amended complaint, are accepted as true, and all reasonable inferences are drawn in her favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Silic, a 45-year old woman, worked

as a truck dispatcher for defendant until November 2011. (R. 9, Am. Compl. at ¶¶ 2, 3.) Silic alleges that while performing her job requirements, she was treated "differently and less favorably" than her male counterparts in the handling of work assignments—she was required to perform duties outside her classification—and was held to a higher standard of performance than those male employees. (*Id.* at ¶ 6.) When Silic complained to the owner, Milorad Bosanac, about this treatment, he threatened her with termination. (*Id.* at ¶ 7.) According to Silic, co-owner Ivan Bojic then created a hostile environment when he: (1) constantly yelled at Silic while on the telephone; (2) interfered with her work on a daily basis by stopping her from calling drivers and booking loads; (3) started rumors that she and Bosanac were having an affair; and (4) allowed male employees to refer to her as a "bitch." (*Id.*)

Silic further alleges that she was "treated differently than employees under 40 years of age in the handling of any work assignments" and was "held to a higher standard of performance" than those employees. (*Id.* at ¶ 20.) When she complained to Bosanac about this treatment, he threatened her with termination and created a hostile work environment based on her age when he: (1) referred to her as an "old bitch"; (2) constantly yelled at her while on the phone; (3) allowed male employees to refer to her as a "bitch"; and (4) hired younger female employees and told drivers to coordinate with them rather than her. (*Id.* at ¶ 21.) Silic also pointed to Bojic's daily interference with her daily routine and the rumors Bojic started that she and

2

Bosanac were having an affair as evidence supporting her hostile work environment claim based on age. (*Id.*)

Silic filed administrative charges of discrimination with the Equal Employment Opportunity Commission on November 16, 2011, and the EEOC issued a right-to-sue letter on both charges on May 18, 2012. (*Id.* at ¶¶12, 13; R. 9-1, Exh. A to Pl.'s Am. Compl.; R. 9-2, Exh. B. to Pl.'s Am. Compl.) This timely suit followed.

## Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**Analysis**

**I.    Employee-Numerosity Requirement**

In its motion to dismiss, defendant argues that dismissal of both counts in Silic's amended complaint is warranted because it did not have the requisite number of employees during the relevant time period to qualify as an "employer" under Title VII or the ADEA. To "spare very small businesses from Title VII liability," Congress defined an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 505 (2006) (citing 42 U.S.C. § 2002e(b)). Similarly, the ADEA defines an employer as a person who has 20 or more employees. 29 U.S.C. § 630(b).

Silic alleges in her amended complaint that "BBS is an employer of fifteen or more employees, some of which were paid by cash to avoid paying taxes to the Internal Revenue Service and the Department of Revenue." (R. 9 at ¶ 5.) Defendant contradicts this allegation, claiming that while Silic was employed, it employed at most eight employees. To support this claim, defendant attached to its motion to dismiss an affidavit from owner and general manager, Milorad Bosanac, averring

4

that at no time from the date of Silic's employment until her termination did BBS Trucking employ more than 14 individuals. (R. 12.) Also attached to the motion are payroll reports dated September 23, 2011 and November 4, 2011, which, defendant argues, show the number of BBS employees to be less than the required number. (R. 12-1, 12-2.)

"[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). While the documents to which defendant points relate to the employee-numerosity requirement of Title VII and the ADEA—an element of Silic's claim for relief, *Arbaugh*, 546 U.S. at 516—they are not referenced in Silic's complaint. Accordingly, the documents are matters outside the pleadings.

Where a defendant has placed matters outside of the pleadings before the Court, however, it is within the Court's discretion to construe defendant's Rule 12(b)(6) motion to dismiss as one for summary judgment. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009) (holding that district court has discretion when deciding whether to convert motion to dismiss to motion for summary judgment). The Court declines to exercise its discretion to do so here. Whether defendant is considered an employer under Title VII and the ADEA is an issue more properly decided on a motion for summary judgment after the parties have had an

5

opportunity for discovery. *See Radulescu v. Arthur Goldner & Assocs.*, No 00 C 517, 2000 WL 1364405, at \*2 (N.D. Ill. Sep. 15, 2000).

Considering only the pleadings, the Court concludes that Silic's complaint is sufficient to state a claim that defendant is an employer under Title VII and the ADEA. At this stage, Silic's claims may be dismissed only if it is clear from the face of the complaint that she has not satisfied preconditions of her claims. Silic has not pled facts that bar her from seeking relief. (R. 9 at ¶ 5.) Rather, accepting all facts alleged in her complaint and all reasonable inferences drawn therefrom as true (as the Court must), the Court finds that Silic's complaint is sufficient to state a claim that defendant is an employer for purposes of Title VII and the ADEA. Defendant claims that it did not employ the requisite number of employees during the relevant time period. Silic alleges the opposite, claiming that defendant paid some of its employees in cash to avoid paying taxes, and thus had more actual employees than appear on the payroll records. (*Id.*) In the context of a Rule 12(b)(6) motion, Silic's allegation is sufficient to make her claim for relief plausible.

## II. Sufficiency of Allegations for Hostile Work Environment Claims Based on Silic's Gender and Age

Defendant also moves to dismiss both counts of Silic's complaint on the grounds that plaintiff has failed to state sufficient facts to support a hostile work environment claim based on age or gender. To prove a hostile work environment claim, Silic must show that: (1) her work environment was both objectively and subjectively offensive; (2) the harassment was based on her membership in a protected class; (3) the conduct was either severe or pervasive; and (4) there is a

basis for employer liability. *Scruggs v. Garst Seed Co.*, 587 F.3d 832, 840 (7th Cir. 2009). "To rise to the level of a hostile work environment, conduct must be sufficiently severe or pervasive to alter the conditions of employment such that it creates an abusive working environment." *Id.* In determining whether the environment was subjectively and objectively offensive, the court considers the severity of the allegedly discriminatory conduct, its frequency, whether it is physically threatening or humiliating or merely offensive, and whether it unreasonably interferes with an employee's work performance. *Id.* "Offhand comments, isolated incidents, and simple teasing do not rise to the level of conduct that alters the terms and conditions of employment." *Id.* at 840-41.

Viewing Silic's allegations in the light most favorable to her, the Court finds that Silic has pled allegations that could plausibly support that her work environment was hostile because of her gender and her age. She alleged that after she complained to the owner of the company, Milorad Bosanac, about how she was treated "differently and less favorably" than her male counterparts in the handling of work assignments, co-owner Ivan Bojic constantly yelled at her while on the telephone; interfered with her work on a daily basis by stopping her from calling drivers and booking loads; started rumors that she and Bosanac were having an affair; and allowed male employees to refer to her as a "bitch." (R. 9 at ¶ 7.) With these allegations, Silic has stated a claim to which she is plausibly entitled to relief on a hostile work environment claim based on her gender.

The Court reaches the same conclusion regarding Silic's hostile work environment claim based on age. In her amended complaint, Silic alleged that after she was "treated differently than employees under 40 years of age in the handling of any work assignments" and was "held to a higher standard of performance" than those employees, she complained to Bosanac about the treatment. (*Id.* at ¶¶ 20-21). He then referred to her as an "old bitch" and constantly yelled at her while on the phone. (*Id.* at ¶ 21.) Silic also submits, as she did with her hostile work environment claim based on gender, that Bojic started rumors that she and Bosanac were having an affair, and that Bosanac allowed male employees to refer to her as a "bitch" and hired younger female employees and told drivers to coordinate with her rather than Silic. (*Id.*) The facts Silic has pled are sufficient to indicate the nature of her claim and the grounds on which it rests. Although Silic's amended complaint does not contain enough detail to firmly establish the severity or frequency of any harassment that she suffered, she is not required to provide this level of detail in her complaint. Based on the facts alleged, Silic has at least plausibly demonstrated that she is entitled to relief. Accordingly, defendant's motion to dismiss is denied.

Because the question of whether defendant is an employer within the meaning of Title VII and the ADEA is a threshold element for application of Title VII and the ADEA to Silic's claims, the Court finds that limited discovery on this question would be appropriate at this stage. The number of employees of the defendant would seem to be a matter that can be ascertained without the need for substantial discovery, and instead can be determined through targeted discovery.

*See Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 205-07 (1997) (endorsing payroll method but reiterating "ultimate touchstone" is whether employer has employment relationship with requisite number of individuals for relevant time period). The parties are to submit a proposed joint discovery plan to the Court within 10 days of this order. The discovery should relate only to the issue of the actual number of employees of the defendant for the relevant time period per the complaint, Title VII, and the ADEA. The results of that discovery and later motion practice will dictate whether further discovery should take place. A status hearing is set for March 25, 2013 at 9 a.m. Plaintiff's attorney must appear in-court or telephonically.

## Conclusion

For the foregoing reasons, defendant's motion to dismiss is denied. The Court orders limited discovery on the question of whether defendant is an employer under Title VII and the ADEA. Status hearing scheduled for March 25, 2013 at 9 a.m.

ENTERED:

Thomas M. Durkin
United States District Judge

Dated: March 11, 2013